## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHEN S. HASSEL, | : | Civil No. 1:19-CV-02081 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| CENTRIC BANK and | : | |
| TRANS UNION, LLC, | : | |
| | : | |
| Defendants. | : | Magistrate Judge Karoline Mehalchick |

### <u>MEMORANDUM</u>

This is an action under the Fair Credit Reporting Act ("FCRA").  Plaintiff

Nathen S. Hassel ("Hassel") alleges that Defendant Centric Bank erroneously

listed a payment he made to the bank as late and that Centric Bank and Defendant

Trans Union, LLC ("Trans Union") violated the FCRA by reporting information in

connection with the purportedly late payment.  The case is presently before the

court on Centric Bank's motion to dismiss, a report and recommendation from

United States Magistrate Judge Karoline Mehalchick addressing the motion, and

Hassel's objections to the report and recommendation.  (Docs. 6, 17–18.)  For the

reasons that follow, Judge Mehalchick's report and recommendation is adopted in

part and denied in part and this case is recommitted to Judge Mehalchick for

further proceedings.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Hassel initiated this case through the filing of a complaint on December 6, 2019.  (Doc. 2.)  According to the complaint, Hassel checked his credit report on October 8, 2019, and noticed that his credit score had dropped 54 points as a result of a thirty-day delinquency reported by Centric Bank arising from a loan Hassel had with the bank.  (*Id.* ¶¶ 12–14.)  Believing that the delinquency had been reported in error, Hassel contacted Centric Bank.  (*Id.* ¶¶ 15, 18.)  Hassel then exchanged emails with representatives from Centric Bank, who informed him that the bank's records showed that one of his previous month's payments had been rejected for insufficient funds and that this rejection was the cause of the delinquency.  (*Id.* ¶¶ 18–23; Doc. 2-1.)  Based on these facts, Hassel alleges that Centric Bank failed to conduct a reasonable investigation and failed to provide sufficient communications to Hassel regarding the investigation in violation of 15 U.S.C. § 1681i, 15 U.S.C. § 1681s-2(a), and 15 U.S.C. § 1681s-2(b).  (*Id.* ¶¶ 44–58.)

Centric Bank moved to dismiss the complaint on December 24, 2019, and Trans Union answered the complaint on January 2, 2020.  (Docs. 6, 13.)  Judge Mehalchick addressed Centric Bank's motion to dismiss in a report and

---

[1] Because Defendant Trans Union, LLC has not moved to dismiss the complaint, this section will only provide the facts relevant to Hassel's claims against Defendant Centric Bank.

recommendation on April 13, 2020.  (Doc. 17.)  Judge Mehalchick recommends

that Hassel's claim under 15 U.S.C. § 1681i be dismissed because Centric Bank is

not a proper party under that section, that Hassel's claim under 15 U.S.C. § 1681s-

2(a) be dismissed because that section does not allow private causes of action, and

that Hassel's claim under 15 U.S.C. § 1681s-2(b) be dismissed because the exhibits

attached to Hassel's complaint demonstrate that Centric Bank reasonably

investigated Hassel's claims and correctly reported information to him.  (*Id.* at 5–

8.)  Hassel filed objections to the report and recommendation on April 22, 2020,

and Centric Bank filed a brief in opposition to Hassel's objections on May 6, 2020.

(Docs. 18–19.)

### STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the

district court is required to conduct a de novo review of the contested portions of

the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may

accept, reject, or modify the magistrate judge's report and recommendation in

whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive

further evidence or recommit the matter to the magistrate judge with further

instructions.  *Id.*  "Although the standard is de novo, the extent of review is

committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper."

*Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v.*

*Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation

to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*,

702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140,

149 (1985)). Instead, the court is only required to "satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." *Id.*

(quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to

relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

In determining whether to dismiss a complaint brought by an unrepresented

litigant, a court must construe the complaint liberally. *Sause v. Bauer*, 585 U.S.

__, 138 S. Ct. 2561, 2563 (2018).  Nevertheless, unrepresented litigants "still must

allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay*

*Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## DISCUSSION

The court will first address Hassel's claims under 15 U.S.C. § 1681i and 15

U.S.C. § 1681s-2(a).  Judge Mehalchick recommends that Hassel's claim under §

1681i be dismissed because § 1681i only governs consumer reporting agencies and

Centric Bank is not a consumer reporting agency.  (Doc. 17 at 4–5.)  Judge

Mehalchick further recommends that Hassel's claim under 15 U.S.C. § 1681s-2(a)

be dismissed because that section does not allow private causes of action.  (*Id.* at 5

n.1.)  Because neither party objects to these recommendations, the court reviews

them only for clear error.  *Univac Dental*, 702 F. Supp. 2d at 469.  Finding none,

the court will adopt those portions of the report and recommendation and dismiss

Hassel's claims under § 1681i and § 1681s-2(a).

Turning to Hassel's claim under 15 U.S.C. § 1681s-2(b), Judge Mehalchick concludes that the claim should be dismissed because the exhibits attached to Hassel's complaint demonstrate that Centric Bank reasonably investigated Hassel's claims and correctly reported information to him.  (Doc. 17 at 5–8.)  Hassel objects to this conclusion, urging the court to review the exhibits de novo and asserting that such a review will reveal that Centric Bank never communicated to Hassel whether the information in his credit report was accurate or inaccurate and never communicated whether it had concluded its investigation.  (Doc. 18 at 2.)  Hassel argues that "[a] reasonable investigation must be completed as a prerequisite to one knowing whether something is accurate or inaccurate; an investigation which is left open ended or concluded prematurely cannot yield any reliable or conclusive result."  (*Id.* at 2–3.)  Hassel additionally argues that an email Centric Bank sent in December 2019 constitutes an admission that the bank violated the FCRA by failing to conduct a reasonable investigation and failing to communicate the results of the investigation to Hassel.  (*Id.* at 4–6.)  Finally, Hassel argues that the December 2019 email constitutes a misrepresentation of fact.  (*Id.* at 6–8.)

Section 1681s-2(b) requires a furnisher of credit information to

**(A)** conduct an investigation with respect to the disputed information;

**(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

**(C)** report the results of the investigation to the consumer reporting agency;

**(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

> **(i)** modify that item of information;

> **(ii)** delete that item of information; or

> **(iii)** permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).  To state a claim under the statute, a plaintiff must allege "(1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charge." *Shull v. Synchrony Bank*, No. 1:19-CV-00715, 2020 WL 1467269, at *3 (M.D. Pa. Mar. 26, 2020) (quoting *Vassalotti v. Wells Fargo Bank, N.A.*, 815 F. Supp. 2d 856, 863–64 (E.D. Pa. 2011)).  A plaintiff fails to state a claim under § 1681s-2(b) when the information reported by the furnisher is accurate.  *Id.* at *4.

In this case, Judge Mehalchick recommends that Hassel's claim under §

1681s-2(b) be dismissed for failure to state a claim upon which relief may be

granted.  (Doc. 17 at 5–8.)  Judge Mehalchick finds that the exhibits attached to

Hassel's complaint demonstrate that the information reported by Centric Bank was

accurate and that the accuracy of the information was communicated to Hassel.

(*Id.* at 7.)

Having conducted a de novo review of the recommendation and Hassel's

objections,[2] the court will reject the recommendation.  Hassel's claim under §

1681s-2(b) is based on a payment Hassel made in 2019 that Centric Bank asserts

was late.  Although the report and recommendation finds that the exhibits attached

to Hassel's complaint make clear that the payment was late and that Centric Bank

communicated that fact to Hassel, the court finds that such a conclusion requires a

factual inference as to when the payment was due.

The exhibit relevant to this discussion is an email from Lori L. Moyer

("Moyer") to Hassel.  (*See* Doc. 2-1 at 3.)  In the email, Moyer informs Hassel that

his August 2019 payment was not made until September 10, 2019, and includes a

---

[2] Although Centric Bank argues that Hassel's objections do not warrant de novo review because they are based on arguments already raised before Judge Mehalchick, *see* Doc. 19 at 9–11, this argument misapprehends the de novo review standard.  *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (holding that district court must review objections de novo even where they merely rehash arguments already raised before the magistrate judge).  Accordingly, the court has reviewed Hassel's objections de novo.

table of payment data associated with Hassel's account.  (*Id.*)  The table includes

three date columns, which list September 10, 2019, September 9, 2019, and August

9, 2019, as dates relevant to Hassel's August 2019 payment.  (*Id.*)  None of the

date columns are labeled.  (*Id.*)

When considering a motion to dismiss, a court may only consider "the

complaint, exhibits attached to the complaint, matters of public record, as well as

undisputedly authentic documents if the complainant's claims are based upon these

documents."  *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d

187, 197 (3d Cir. 2019) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.

2010)).  "The district court may not make findings of fact and, insofar as there is a

factual dispute, the court may not resolve it."  *Flora v. Cty. of Luzerne*, 776 F.3d

169, 175 (3d Cir. 2015) (citing *Animal Sci. Prods., Inc. v. China Minmetals Corp.*,

654 F.3d 462, 469 n.9 (3d Cir. 2011)).  Any reasonable inferences must be drawn

in favor of the party opposing dismissal.  *Connelly v. Lane Constr. Corp.*, 809 F.3d

780, 783 n.1 (3d Cir. 2016) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231

(3d Cir. 2008)).

Because Moyer's email does not contain any headings for the date columns

on the table or otherwise specify the date on which Hassel's payment was due, a

factual inference must be made to determine when Hassel's payment was due.  It is

reasonable to infer from Moyer's email that Hassel's payment was due on

September 9, 2019, and that a payment made on September 10, 2019 was therefore

late.  However, the court is required to draw inferences in Hassel's favor as the

party opposing dismissal.  *Connelly*, 809 F.3d at 738 n.1.

Although Centric Bank asserts in its motion to dismiss that Hassel's

payment was late, and Hassel does not directly dispute this assertion, *see* Doc. 6 ¶

22; Doc. Doc. 11 at 5, factual assertions made in a motion to dismiss cannot be

considered when deciding whether to dismiss a case.  *See Wolfington*, 935 F.3d at

197 (noting that a court addressing a motion to dismiss may only consider "the

complaint, exhibits attached to the complaint, matters of public record, as well as

undisputedly authentic documents if the complainant's claims are based upon these

documents").  Moreover, even assuming that such an assertion could be

considered, the court is reluctant to find that a fact exists based on Hassel's failure

to dispute Centric Bank's assertion because Hassel is proceeding as an

unrepresented litigant in this case.  *See Sause*, 138 S. Ct. at 2563 (holding that

district courts must liberally construe filings from unrepresented litigants).

Accordingly, because it is not clear from the face of Hassel's complaint or

the exhibits attached to the complaint that Hassel's payment was late, the court will

reject the report and recommendation with regard to Hassel's claim under 15

U.S.C. § 1681s-2(b).  Centric Bank's motion to dismiss that claim is therefore

denied.

Finally, the court notes that Centric Bank's motion to dismiss and supporting brief also seek the dismissal of Hassel's negligence and defamation claims and seek to strike Hassel's request for actual damages. (*See* Doc. 15 at 18–21.) The court will recommit this case to Judge Mehalchick with instructions to address these arguments along with Hassel's claim under 15 U.S.C. § 1681s-2(b).

## CONCLUSION

For the foregoing reasons, Judge Mehalchick's report and recommendation is adopted in part and rejected in part and this case is recommitted to Judge Mehalchick for further proceedings. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: June 4, 2020

11