## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHEN S. HASSEL, | : | Civil No. 1:19-CV-02081 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| CENTRIC BANK and | : | |
| TRANS UNION, LLC, | : | |
| | : | |
| Defendants. | : | Magistrate Judge Karoline Mehalchick |

## <u>MEMORANDUM</u>

This is an action under the Fair Credit Reporting Act ("FCRA") that is currently before the court on cross motions for judgment on the pleadings filed by Plaintiff Nathen S. Hassel ("Hassel") and Defendant Centric Bank, a report and recommendation issued by Chief United States Magistrate Judge Karoline Mehalchick, which recommends that the motions be denied, and both parties' objections to the report and recommendation.  For the reasons that follow, the report and recommendation is adopted in its entirety.

### BACKGROUND AND PROCEDURAL HISTORY[1]

Hassel initiated this case through the filing of a complaint on December 6, 2019.  (Doc. 2.)  According to the complaint, Hassel checked his credit report on October 8, 2019, and noticed that his credit score had dropped 54 points as a result

---

[1] Because the instant motions for judgment on the pleadings only pertain to Hassel's claims against Defendant Centric Bank, this section will only provide the facts relevant to Hassel's claims against Centric Bank.

of a thirty-day delinquency reported by Centric Bank arising from a loan Hassel had with the bank.  (*Id.* ¶¶ 12–14.)  Believing that the delinquency had been reported in error, Hassel contacted Centric Bank.  (*Id.* ¶¶ 15, 18.)  Hassel then exchanged emails with representatives from Centric Bank, who informed him that the bank's records showed that one of his previous month's payments had been rejected for insufficient funds and that this rejection was the cause of the delinquency.  (*Id.* ¶¶ 18–23; Doc. 2-1.)  Based on those alleged facts, Hassel raised claims against Centric Bank under the FCRA for failure to conduct a reasonable investigation, failure to provide sufficient communications to Hassel regarding the investigation, fraud, and defamation.  (*Id.*)  His claims were raised under several statutory provisions of the FCRA, including 15 U.S.C. § 1681i, 15 U.S.C. § 1681o, 15 U.S.C. § 1681s-2(a), and 15 U.S.C. § 1681s-2(b).  (*Id.*)

Centric Bank moved to dismiss the complaint on December 24, 2019, *see* Doc. 6, and Judge Mehalchick addressed the motion in a report and recommendation on April 13, 2020, recommending that the motion be granted and that Hassel's complaint be dismissed with prejudice.  (Doc. 17.)  This court adopted the report and recommendation in part and rejected it in part on June 4, 2020.  (Doc. 20.)  The court dismissed Hassel's claims under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(a) against Centric Bank, but denied the motion to dismiss with respect to Hassel's claim under 15 U.S.C. § 1681s-2(b), finding that there

2

were questions of fact that precluded dismissal. (*Id.* at 5–10.)  The court

additionally recommitted the case to Judge Mehalchick for further consideration of

Hassel's claim under 15 U.S.C. § 1681o. (*Id.* at 11.)

Judge Mehalchick issued a second report and recommendation on July 6,

2020, which recommended that the motion to dismiss be denied as to Hassel's

claims against Centric Bank under 15 U.S.C. § 1681s-2(b) and 15 U.S.C. § 1681o.

(Doc. 22.)  Centric Bank then answered Hassel's complaint on August 10, 2020,

*see* Doc. 23, after which the court adopted Judge Mehalchick's report and

recommendation on August 12, 2020, allowing the case to proceed as to Hassel's

claims under 15 U.S.C. § 1681s-2(b) and 15 U.S.C. § 1681o. (Doc. 24.)

After the case was recommitted to Judge Mehalchick, Hassel and Centric

Bank filed cross motions for judgment on the pleadings on August 18, 2020 and

September 11, 2020, respectively. (Docs. 25, 33.)  Judge Mehalchick addressed

the motions in a report and recommendation on November 18, 2020, which

recommends that both motions be denied. (Doc. 37.)  Both parties filed objections

to the report and recommendation, *see* Docs. 38–39, and Centric Bank

subsequently filed a brief in opposition to Hassel's objections on December 8,

2020. (Doc. 40.)  No further briefs have been filed, and the time for doing so has

expired.  Accordingly, the report and recommendation is ripe for the court's

review.

**STANDARD OF REVIEW**

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed under the same standards as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)). The court is therefore required to "'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving

4

party,' and may not grant the motion 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'"  *Id.* (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016)).  In deciding a motion for judgment on the pleadings, "a court may only consider 'the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'"  *Id.* (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

In determining whether to dismiss a complaint brought by an unrepresented litigant, a district court must interpret the complaint liberally.  *Sause v. Bauer*, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  The complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, unrepresented litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## DISCUSSION

Judge Mehalchick's report and recommendation recommends that both parties' motions for judgment on the pleadings be denied.  Because the report and

recommendation analyzes the two motions separately, the court will do the same. The court will first address Hassel's motion.

Hassel argues that he is entitled to judgment on the pleadings against Centric Bank because Centric Bank "has failed to submit any evidence supporting that it has not committed the FCRA violations claimed against it." (Doc. 26 at 7.) Hassel further argues that Centric Bank has failed to refute the evidence that he has submitted. (*Id.* at 7–8.) In making these arguments, Hassel relies on an exhibit that he has labeled as "Exhibit C," which is an email that was sent from a Centric Bank representative to Hassel on December 24, 2019, and was labeled as "For Settlement Purposes Only." (*See* Doc. 11-1.)

In the report and recommendation, Judge Mehalchick begins with an analysis as to whether Exhibit C may be considered in deciding Hassel's motion for judgment on the pleadings. (Doc. 37 at 4–5.) Judge Mehalchick concludes that Exhibit C cannot be considered because it was neither (a) an exhibit attached to Hassel's complaint nor (b) an undisputedly authentic document relied on in Hassel's complaint. (*Id.*) Judge Mehalchick further concludes that Exhibit C is inadmissible for purposes of proving Hassel's claims because it was expressly marked "For Settlement Purposes Only." (Doc. 37 at 5 n.2.)

Hassel raises two objections to this conclusion. First, he argues that Exhibit C should be considered a document attached to his complaint because it was not

emailed to him until three weeks after his complaint was filed and "if the email was sent prior to the Complaint being filed [he] would have attached it accordingly."  (Doc. 38 at 2 n.1.)  Second, he argues that Exhibit C should still be considered under Federal Rule of Civil Procedure 12(d), which allows a court to consider documents outside the pleadings, but only once the court has converted the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56.  *See id.*; Fed. R. Civ. P. 12(d).

Hassel's objections are without merit.  First, the report and recommendation is correct that Exhibit C cannot be considered in adjudicating the motions for judgment on the pleadings because it was not attached to Hassel's complaint or relied on in the complaint.  Although Hassel argues that he would have attached Exhibit C to his complaint if he had received it prior to filing the complaint, such an action would have been impossible because Exhibit C—an email that was sent to Hassel in an effort to settle the case—did not exist prior to the complaint being filed.

Second, although Hassel is correct that a court may consider matters outside the pleadings once it has converted a motion into a motion for summary judgment, the decision of whether to convert a motion is left to the sound discretion of the district court, *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992), and the court  must provide notice of its intent to convert a motion before it may do so.

7

*Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989).  Here, neither this court nor Judge Mehalchick has announced an intent to convert Hassel's motion into a motion for summary judgment, and the court accordingly declines to do so now. Exhibit C therefore cannot be considering in the analysis of the instant motions for judgment on the pleadings.[2]

As for the merits of Hassel's motion, Judge Mehalchick concludes that the motion should be denied because there are material issues of fact that preclude the entry of judgment on the pleadings in Hassel's favor.  (Doc. 37 at 6–7.)  Neither party objects to this conclusion, so the court reviews it only for clear error.  *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010). Having conducted such a review, the court finds no clear error on the face of the record and accordingly adopts the recommendation to deny Hassel's motion.

Turning to Centric Bank's motion, Centric Bank argues that it is entitled to judgment on the pleadings because "[t]he pleadings plainly illustrate that Centric did not report any inaccurate information to Trans Union, that Centric conducted a reasonable investigation, and that Centric informed Hassel of the results of its investigation."  (Doc. 34 at 12.)

---

[2] This opinion shall not be construed as ruling on Exhibit C's ultimate admissibility, as that issue was not squarely presented to this court or Judge Mehalchick.

The report and recommendation recommends that Centric Bank's motion be denied.  The report and recommendation first notes that the complaint alleges inaccurate reporting of information by Centric Bank, and that such an allegation must be taken as true for purposes of resolving the motion.  (Doc. 37 at 9.)  The report and recommendation further finds that Centric Bank's investigation cannot be deemed reasonable at this stage of litigation in light of the alleged inaccurate reporting because "without establishing the reasonableness of [Centric Bank's] investigation into its report there continues to exist a dispute of material fact." (*Id.* at 10–11.)  Centric Bank objects, renewing its arguments that it did not report inaccurate information and that its investigation was reasonable.  (Doc. 39-1.)

The court will overrule Centric Bank's objections under the law of the case doctrine.  The law of the case doctrine "generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *SEPTA v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54, 72 n.24 (M.D. Pa. 2020) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

In this case, the court already decided the issue of whether Hassel's complaint states a claim upon which relief can be granted under 15 U.S.C. § 1681s-2(b) and 15 U.S.C. § 1681o when it resolved Centric Bank's motion to dismiss.  (*See* Docs. 20–21, 24.)  As noted above, motions to dismiss under Rule

9

12(b)(6) and motions for judgment on the pleadings under Rule 12(c) are subject to the same standard of review. *Wolfington*, 935 F.3d at 195. The court is therefore asked to consider the same issue using the same standard of review and reach a different conclusion. Given those circumstances, the court will apply the law of the case doctrine and overrule the objections.

Moreover, even if the court were to consider the merits of the objections, the court would still overrule the objections and adopt the report and recommendation because there are genuine issues of material fact as to whether Hassel's payment was late and, by extension, as to whether Centric Bank reported accurate information about the payment. Specifically, there is a question of fact as to whether the exhibits attached to Hassel's complaint establish that his payment was late. This court previously explained the relevant background as follows:

> The exhibit relevant to this discussion is an email from Lori L. Moyer ("Moyer") to Hassel. (*See* Doc. 2-1 at 3.) In the email, Moyer informs Hassel that his August 2019 payment was not made until September 10, 2019, and includes a table of payment data associated with Hassel's account. (*Id.*) The table includes three date columns, which list September 10, 2019, September 9, 2019, and August 9, 2019, as dates relevant to Hassel's August 2019 payment. (*Id.*) None of the date columns are labeled. (*Id.*)

(Doc. 20 at 8–9.) This lack of labeling created a factual issue, which precluded dismissal of the complaint:

> Because Moyer's email does not contain any headings for the date columns on the table or otherwise specify the date on which Hassel's

payment was due, a factual inference must be made to determine when
Hassel's payment was due.  It is reasonable to infer from Moyer's email
that Hassel's payment was due on September 9, 2019, and that a
payment made on September 10, 2019 was therefore late.  However,
the court is required to draw inferences in Hassel's favor as the party
opposing dismissal. *Connelly*, 809 F.3d at 738 n.1.

(*Id.* at 9–10.)  The court accordingly denied Centric Bank's motion to dismiss as it

pertained to Hassel's claim under 15 U.S.C. § 1681s-2(b), finding that questions of

fact precluded dismissal.  (*Id.* at 10.)

Centric Bank acknowledges in its objections that the court previously found

that issues of fact precluded dismissal, but argues that the factual issue has been

resolved by its answer to the complaint.  (Doc. 39-1 at 7.)  In its answer, Centric

Bank explains that "[t]he first column on [the Moyer email] shows the payment

posting date, the second column shows the date the payment was made, and the

third column shows the due date of the payment."  (Doc. 23 ¶ 11.)

Centric Bank's argument misapprehends the standards governing motions

for judgment on the pleadings.  When considering a motion for judgment on the

pleadings, a court "may only consider 'the complaint, exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents if

the complainant's claims are based upon these documents.'"  *Wolfington*, 935 F.3d

at 195.  The court is not permitted to accept facts alleged in a defendant's answer

as true when considering a motion for judgment on the pleadings.  *Id.*  Therefore,

because the factual issue that the court previously noted has not been resolved, the court concludes that issues of material fact preclude the entry of judgment on the pleadings in Centric Bank's favor.[3]  The court will accordingly overrule Centric Bank's objections and adopt the report and recommendation in its entirety.

### CONCLUSION

For the foregoing reasons, Judge Mehalchick's report and recommendation is adopted in its entirety, both parties' objections are overruled, and both parties' motions for judgment on the pleadings are denied.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 11, 2021

---

[3] This conclusion does not preclude Centric Bank's ability to move for summary judgment at a later stage of litigation.